WILLIAMS v. GRIFFIN.

EVIDENCE—BILL OF SALE—REPLY.—IN CLAIM AND DELIVERY, where defendant sets up bill of sale as his title, plaintiff may show in reply that such bill of sale was intended as a mortgage, and had been paid, thus defeating defendant's alleged title.

Before GAGE, J., Barnwell, March, 1900.    Reversed.

Action in claim and delivery by Jim Williams against J. O. Griffin and J. F. Breeland.    From Circuit rulings, both sides appeal.

*Messrs. Davis & Best,* for plaintiff, cite: *Evidence attacking bill of sale as defendant's title is competent:* 33 S. C., 28. *Proper to permit plaintiff to file reply, if order of Judge is sustained:* Code, 194.

*Messrs. Bates & Simms* and *J. Ham. Kirkland,* for defendant, cite: *Order permitting reply cannot be granted after party loses:* Code, 194; 21 S. C., 221, 226; 30 S. C., 564; 31 S. C., 199; 27 S. C., 92; 28 S. C,. 445; 39 S. C., 336; 41 S. C., 146; 54 S. C., 114; 53 S. C., 341; 47 S. C., 191. *Answer did not permit a reply:* Code, 174; 22 S. C., 132. *No reply without notice:* 47 S. C., 78. *Terms of bill of sale cannot be varied by parol:* 43 S. C., 202; 52 S. C., 55; 3 Rich. Eq., 153; 54 S. C., 191; 22 S. C., 320.

Aug. 2, 1900. The opinion of the Court was delivered by

MR. JUSTICE POPE. Jim Williams, as plaintiff, brought his action in "claim and delivery" for certain personal property which he alleged the defendants had wrongfully taken from his possession. The answer denied all the allegations of the complaint, and set up that the three mules in question, namely: "Jim," "Bill," "Julia," became the property of the defendant, J. O. Griffin, under a bill of sale for said mules executed by the plaintiff, and which mules were taken from the possession of said Jim Williams by the defendant, J. F. Breeland, through a power of attorney from said J. O. Griffin, executed under the power contained in said bill of sale. The cause came on trial before his Honor, Judge Gage, and a jury. Plaintiff offered testimony of the allegations of his complaint. Defendant offered proof of the execution of the bill of sale, and then closed. Thereupon, plaintiff offered testimony tending to show that the alleged bill of sale was really a mortgage, written on the same day and on the same paper upon which a lien on crops to secure agricultural supplies for $150 was given by the plaintiff to defendant, J. O. Griffin. The Circuit Judge, upon the objection of the defendant to such testimony, ruled it incompetent. And, further, held that he would direct a verdict for defendant, but allow the plaintiff to file a reply setting up that the instrument introduced by the defendant, while on its face it appeared to be a bill of sale, was in fact a mortgage to secure the same $150 covered by the lien on plaintiff's crops, and

which said mortgage was fully paid. All these things were embodied in an order. Thus the jury, directed by the Circuit Judge, rendered a verdict for defendant for $150; the plaintiff filed his reply, but both sides to the suit appealed from the order of Judge Gage.

If this Court should hold the ruling of the Circuit Judge, as to the admissibility of plaintiff's testimony directed to showing the bill of sale a mortgage, and that the debt it secured had been fully paid, to be error, then the whole order and verdict would be set aside and a new trial ordered—thus rendering useless the other issues. Now, as to the action of claim and delivery, it is nothing but the old common law action in replevin. It is, in its trial, subject to the same rules as to testimony as any other action. Of course, title to property is an issue. This being so, any testimony bearing directly on title of the property in question is competent. If the paper in question is a bill of sale, why the plaintiff must go out of Court. If, however, the instrument, although in form a bill of sale, is really a mortgage, and that mortgage has been fully paid (we mean, of course, the debt intended to be secured by the mortgage has been fully paid), why should not the testimony to show this last state of facts be perfectly competent? Is it not the most natural mode of upsetting defendant's pretensive title, as was suggested by plaintiff, appellant, in his argument? This Court, in *Amaker* v. *New*, 33 S. C., 28, says: "True, too, the action in the Court below was not in terms to vacate defendant's deed, but still plaintiff's claim depends upon vacating that deed. It is set up by defendant in opposition to plaintiff's deed, and the plaintiff attacks it on the ground of fraud, and he must sustain his attack or his claim fails." In the case at bar, plaintiff claims that the defendant is endeavoring to practice a fraud upon him by relying upon an instrument as a subsisting bill of sale, when such instrument is only a mortgage, and the debt intended to be secured thereby has been fully paid. It would certainly seem, if testimony impugning the title deed to land on the ground of fraud, in reply

to defendant's testimony setting up such deed, is admissible, such testimony in reply to defendant's testimony setting up a bill of sale of three mules, on the ground of fraud, should be competent also.    When we use the word "fraud," it need not mean anything else than constructive fraud and not moral fraud.    We think, therefore, that the Circuit Judge was in error in excluding plaintiff's testimony tending to upset this bill of sale, and this having caused the Circuit Judge *to direct a verdict* for defendant, will cause a new trial.

It is the judgment of this Court, that the ruling of the Circuit Judge as to the testimony complained of as being by him excluded was erroneous, and that the verdict of the jury ordered by him, and also his order of injunction and for amendment of the pleadings, be vacated, and that the action be remitted to the Circuit Court for a new trial.